TOLL FREE: 1(800) 313-2546
FACSIMILE: (843) 494-5536

REPLY TO ANN STREET OFFICE
CLD@AKIMLAWFIRM.COM

**Commercial Litigation Division**

# POULIN | WILLEY ANASTOPOULO

ERIC M. POULIN (SC)(GA)(NC)(CA)
ROY T. WILLEY, IV (SC)(KY)(NJ)
AKIM A. ANASTOPOULO (SC)

March 15, 2024

**Sent via Hand Delivery**
Joseph Watts
1503 Swing Bridge Way
Myrtle Beach, SC 29588

RE: *Frances Suter v. Joseph Watts, et al.*
*Case No.: 2024-CP-26-01808*

Dear Mr. Watts:

Enclosed for service upon you, and pursuant to the South Carolina Rules of Civil Procedure, please find the following:

- Summons & Complaint that has been filed in the above-referenced action;
- Plaintiff's Standard and First Supplemental Interrogatories;
- Plaintiff's First Requests for Production; and
- Plaintiff's First Request to Admit.

Upon receipt, please forward this letter and ***all*** of these important legal papers to your insurance company and/or attorney ***immediately***. These documents are time sensitive. They are also the only copies you will receive, so be sure to deliver ALL of them to your insurance company and/or attorney along with this letter.

Sincerely,

*s/Endri Mince*
Endri Mince, Esq.

ELECTRONICALLY FILED - 2024 Mar 14 3:20 PM - HORRY - COMMON PLEAS - CASE#2024CP2601808

| | |
|---|---|
| IN THE STATE OF SOUTH CAROLINA<br>COUNTY OF HORRY | IN THE COURT OF COMMON PLEAS<br>FOR THE 15TH JUDICIAL CIRCUIT<br>CASE NO: 2024-CP-26- |
| Frances Suter,<br><br>Plaintiff,<br><br>v.<br><br>Walmart, Inc. d/b/a Walmart Supercenter (#574); Walmart Stores East, LP; and Joseph Watts, Individually and as Employee/Agent of Walmart, Inc. d/b/a Walmart Supercenter (#574),<br><br>Defendants. | **SUMMONS**<br>**(JURY TRIAL DEMANDED)** |

**TO: THE DEFENDANTS ABOVE NAMED:**

**YOU ARE HEREBY SUMMONED** and required to Answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to said Complaint upon the Plaintiff or Plaintiff's attorneys, Endri Mince, at his office at 32 Ann Street, Charleston, South Carolina, 29403, within (30) days after the service hereof, exclusive of the day of such service and if you fail to Answer the Complaint within the time aforesaid, Plaintiff will apply to the court for the relief demanded in the Complaint.

Dated at Charleston, South Carolina March 14, 2024.

ELECTRONICALLY FILED - 2024 Mar 14 3:20 PM - HORRY - COMMON PLEAS - CASE#2024CP2601808

| | |
|---|---|
| IN THE STATE OF SOUTH CAROLINA<br>COUNTY OF HORRY | IN THE COURT OF COMMON PLEAS<br>FOR THE 15TH JUDICIAL CIRCUIT<br>CASE NO: 2024-CP-26- |
| Frances Suter,<br><br>Plaintiff,<br><br>v.<br><br>Walmart Inc. d/b/a Walmart Supercenter (#574); Walmart Stores East, LP; and Joseph Watts, Individually and as Employee/Agent of Walmart, Inc. d/b/a Walmart Supercenter (#574),<br><br>Defendants. | **COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

The Plaintiff, complaining of the Defendants, alleges and says as follows:

## CASE SYNOPSIS

1. The Defendants are the owners, managers, operators of Walmart Supercenter #574 located at 2751 Beaver Run Boulevard, Surfside Beach, South Carolina 29575. Walmart Supercenter #574 is a department store in the business of selling various items such as groceries, home goods, hardware, and electronics to the general public. Plaintiff, Frances Suter, was a shopper of Walmart Supercenter #574.
2. Being in the business of owning and operating a huge department store for over sixty (60) years, the Defendants should know the importance of maintaining and keeping the aisles of the building premises in a safe manner.
3. During a visit to the medical office, as a result of the Defendants' failure to maintain the premises and allowing egg spillage on the aisles of the store, Ms. Suter slipped and fell onto the floor of the dairy/egg section.
4. As a result of the Defendant's not keeping the aisles clean, the slip and fall caused injuries to Ms. Suter's body and currently she is faced with medical expenses exceeding $131,000.00.

ELECTRONICALLY FILED - 2024 Mar 14 3:20 PM - HORRY - COMMON PLEAS - CASE#2024CP2601808

10. That on or about August 31, 2021, Plaintiff was a customer, as an invitee and for the benefit of the Defendants, at Defendants' place of business at 2751 Beaver Run Boulevard, Surfside Beach, SC 29575 (herein "Premises").

11. That at all times relevant, Defendant Joseph Watts was a manager and/or General Manager of Defendant Walmart Inc. d/b/a Walmart Supercenter (#574), with responsibility for cleaning, monitoring, and maintaining the Premises to ensure that they were safe, clean, and not dangerous to persons such as Plaintiff.

12. That as manager and/or General Manager of Defendant Walmart Inc. d/b/a Walmart Supercenter (#574), Defendant Joseph Watts had power, authority, and responsibility to manage, direct, superintend, restrict, regulate, govern, administer, and/or oversee the management of the Premises to ensure that they were safe, clean, and not dangerous to persons such as Plaintiff.

13. That Defendant Walmart Inc. d/b/a Walmart Supercenter (#574) is a tenant of, and/or manages the Premises for, Defendant Walmart Inc., or is a partner with or part of a single business enterprise with Defendant Joseph Watts, Defendant Walmart Stores East, LP and Defendant Walmart Inc.

14. That upon information and belief, Defendant Walmart Inc., Defendant Walmart Stores East, LP, Defendant Walmart Inc. d/b/a Walmart Supercenter (#574) and Defendant Joseph Watts have identical or nearly identical ownership, governance, management, office locations, letterhead, equipment, telephone numbers, and other indicia of corporate identity.

15. That upon information and belief, Defendant Walmart Inc., Defendant Walmart Stores East, LP, Defendant Walmart Inc. d/b/a Walmart Supercenter (#574) and Defendant

ELECTRONICALLY FILED - 2024 Mar 14 3:20 PM - HORRY - COMMON PLEAS - CASE#2024CP2601808

expenses, and has otherwise been damaged and injured.

24. The fall and resulting injuries and damages to Plaintiff were caused directly and proximately by one or more of the following negligent, negligent *per se*, grossly negligent, careless, reckless, willful, wanton and unlawful acts, and/or omissions of the Defendants in any one or more of the following ways:

    a. In failing to observe the dangerous condition of the floor;
    b. In failing to properly keep the floor clear of dangerous and hazardous substances;
    c. In failing to appreciate the gravity of the dangers associated with having dangerous and hazardous substances on the floor;
    d. Failing to supervise in the correct cleaning and maintenance of the floor;
    e. In failing to enact policies that would ensure the safety of licensees and invitees on the Premises;
    f. In failing and omitting to take any precaution whatsoever of a reasonable nature to protect this Plaintiff from the dangers of the floor on the occasion that the Plaintiff was using the same;
    g. In failing to adequately warn the Plaintiff as to any dangers that may be present on the Premises;
    h. In any such manner the Plaintiff may discover through the discovery process or trial.

25. That as a direct and proximate result of the negligence, gross negligence, carelessness, recklessness, willfulness, and wantonness of the Defendants, as is set forth more fully above, Plaintiff has been damaged and injured in the following respects:

    a. Plaintiff has been required to expend a significant amount of money for Plaintiff's

ELECTRONICALLY FILED - 2024 Mar 14 3:20 PM - HORRY - COMMON PLEAS - CASE#2024CP2601808

IN THE STATE OF SOUTH CAROLINA )
COUNTY OF HORRY )

IN THE COURT OF COMMON PLEAS
FOR THE 15TH JUDICIAL CIRCUIT
CASE NO: 2024-CP-26-01808

Frances Suter,

Plaintiff,

v.

Walmart Inc. d/b/a Walmart Supercenter (#574), Walmart Stores East, LP; and Joseph Watts, Individually and as Employee/ Agent of Walmart Inc. d/b/a Walmart Supercenter (#574),

Defendants.

**PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANT JOSEPH WATTS, AS EMPLOYEE/ AGENT OF WALMART INC. D/B/A WALMART SUPERCENTER (#574)**

**TO: DEFENDANT JOSEPH WATTS, INDIVIDUALLY AND AS EMPLOYEE/ AGENT OF WALMART INC. D/B/A WALMART SUPERCENTER (#574) AND ALL COUNSEL OF RECORD**

The Plaintiff above-captioned, pursuant to Rule 34 of the South Carolina Rules of Civil Procedure, requests that Defendant Joseph Watts, Individually and as Employee/ Agent of Walmart Inc. d/b/a Walmart Supercenter (#574) (herein referred to as "Defendant") respond within thirty (30) days after the service hereof (45 days if served with the Summons and Complaint) to the following requests, to wit, that the Defendant produce and permit the Plaintiff to inspect, copy, or photograph each of the following documents or things, which may be in the possession, custody, or control of the Defendant or his/her/its attorneys, and/or to allow entry upon the land identified herein for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation thereon.

These Requests are deemed to be continuing, and if complete responses to any of them are presently unavailable, supplemental responses are required at the time the documents become available and prior to and through the conclusion of trial.

on behalf of any such subsidiary, related corporation, parent, partnership, entity or natural person.

**DOCUMENTS REQUESTED**

1. All documents identified in answers to any of Plaintiff's Interrogatories.
2. All documents referred to in preparing the answer to any of Plaintiff's Interrogatories.
3. All photographs, videotapes, maps, plats, drawings, diagrams, measurements, surveys, or other descriptions related in any way to the subject matter of this action, made either before or after the incident that is the subject of this action.
4. Any and all documents or other tangible items, including books, records, reports, photographs, moving pictures, videotapes, drawings, charts, maps, diagrams, models, or other documentary materials or tangible objects that the Defendant intends to rely upon to support the Defendant, and/or which the Defendant intends to offer into evidence as exhibits or use as demonstrative aids at the trial of this action.
5. All statements of any witnesses in the possession of the Defendant or the Defendant's attorney, whether written or recorded on a tape recorder or otherwise, that relates to the matters alleged in the Plaintiff's Complaint or the Defendant's Answer.
6. All memoranda, notes, diagrams, reports, photographs, e-mails, computer data or documents, video tapes and audio tapes, or other materials relating in any way to the matters alleged or referred to in the Complaint, any injuries or damages claimed, and any defenses raised or which could reasonably be raised. As part of this production, this should include all photographs, video tapes and audio tapes of the Plaintiff participating in any activity or event on or after the date of the incident.
7. All photographs, plats, or diagrams, the Defendant or the Defendant's attorney may have which relate to the matter alleged herein.

such matters that have concluded in the previous five (5) years. Please note that responsive documents are ***not*** equally available to Plaintiff even if they might be matters of public record, as Plaintiff cannot know in which of the fifty states, five U.S. Territories, over 300 Indian Reservations, over 1000 military bases, and the District of Columbia, Defendant might be involved in judicial proceedings.

19. A copy of any video recorded on the date that is subject of this action at Defendant's premises, whether or not it recorded the actual incident.
20. Maintenance, inspection, repair records and work orders regarding the subject premises for the day of the incident, one year preceding the incident, and six months following the incident.
21. Any daily inspection logs, reports, or lists for the subject premises for the day of the incident and one year preceding the incident.
22. Any photographs, movies, and/or videotapes of the area involved in the incident or Plaintiff's injuries and/or which reflect the scene of the incident, immediately before the incident, or for two days after the incident.
23. All maintenance invoices in the possession, custody or control of Defendant or its agents, attorneys, investigators, or insurance carriers regarding the premises subject to the incident.
24. Any and all training manuals and/or videos used in training of employees. This includes general employment, management manuals, or videotapes concerning safety generally or machinery operating guidelines, rules, or regulations.
25. All OSHA or South Carolina Department of Labor records or documents in regard to premises safety including records from one year prior to the incident subject of this

## PRIVILEGE

For each document that would be required to be produced but for a privilege asserted against producing it, set forth:

a) The date the document was generated;
b) The type of document (e.g., letter, memorandum, record, etc.);
c) The name of the person who prepared the original;
d) The name and address of the person who received the original;
e) The name and address of anyone who received a copy;
f) A general description of the information recorded in the document;
g) The ground on which production is objected to;
h) The name of each person, in addition to those identified in (c) through (e) of this subpart, known to have seen or have access to the document; and
i) The name of the person who now possesses the document.

## DOCUMENTS NO LONGER IN EXISTENCE OR NO LONGER CONTROLLED OR POSSESSED

If any requested document existed at one time in the possession, custody, or control of any party but has been lost, discarded or destroyed, or removed from the party's possession, custody or control, indicate for each such document:

a) Its identity (i.e., a description of its contents its date, title, and type of document);
b) When it was most recently in the possession, custody or control of the party and why it no longer is;
c) The person who currently possesses the document;
d) Whether the document was transferred or destroyed;
e) The person who transferred or destroyed the document and the person who authorized or knows of its transfer or destruction.
f) The reason the document was transferred or destroyed; and
g) Identify, by providing name, address, and daytime telephone number, all persons having knowledge or the contents of each document.

Dated: March 15, 2024

Respectfully Submitted,

**POULIN | WILLEY | ANASTAPOULO**

*s/Endri Mince*
Endri Mince
S.C. Bar No.: 104003
32 Ann Street
Charleston, SC 29403
T: (803) 222-2222
F: (843) 494-5536
E: teammince@poulinwilley.com
**ATTORNEY FOR THE PLAINTIFF**

Charleston, South Carolina

(3d Cir. 1982). Parties shall not make nonspecific, boilerplate objections. **Objections that state that the discovery request is "vague, overly broad, or unduly burdensome" are, standing alone, meaningless and will be found meritless by the court.** A party objecting must explain the specific and particular way in which a given request is vague, overly broad, or unduly burdensome.[3] *Curtis v. Time Warner Entm't-Advance/Newhouse* P *'ship*, 2013 WL 2099496, at *2 (D.S.C. May 14, *2013*). Parties should not recite a formulaic objection followed by an answer to the request. It has become common practice for a party to object on the basis of any of the above reasons and then state that, "notwithstanding the above," the party will respond to the discovery request, subject to or without waiving such objection. Such an objection and answer preserve nothing and serves only to waste the time and resources of both the parties and the court. Such practice leaves the requesting party uncertain as to whether the question has actually been actually been fully answered or whether only a portion of the question has been answered. *Id.* citing 2004 A.B.A. Civil Discovery Standards, 2004 A.B.A. Sec. Lit. 18. One objecting to discovery must show specifically how, despite the broad and liberal construction afforded the discovery rules, each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive, by submitting affidavits or offering evidence revealing the nature of the burden. *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 296 (E.D. Pa. 1980). It is not proper to object merely because answering interrogatories may require expending considerable time, effort or expense or may interfere with business operations. *Id.* at 97.

"General objections" that purportedly apply to all discovery responses are improper. These general objections do not comply with the letter or spirit of the rules as they do not provide the specificity required to each request.[4]

---

[3] [3] *Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999); *see also Steed v. EverHome Mortg. Co.*, 308 Fed. Appx. 364, 371 (11th Cir. 2009) ("[B]oilerplate objections may border on a frivolous response to discovery requests."); *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) ("[T]o say an interrogatory was overly broad, burdensome, oppressive and irrelevant [is] not adequate to voice a successful objection to an interrogatory." (internal quotations omitted)); *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982) ("[T]he mere statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection to an interrogatory."); *Adelman v. Boy Scouts of Am.*, 276 F.R.D. 681, 688 (S.D. Fla. 2011) ("[B]oilerplate objections [are] legally inadequate or meaningless."); *Nissan N. Am., Inc. v. Johnson Elec. N. Am., Inc.*, 2011 WL 669352, at *2 (E.D. Mich. Feb. 17, 2011)("Boilerplate or generalized objections are tantamount to no objection at all ...."); *Hager v. Graham*, 267 F.R.D. 486, 498 (N.D. W. Va. 2010) ("The objection is only a general statement that does not specify how the [request for production] is vague, ambiguous, and overly broad. Therefore, the objection is improper."); *Enron Corp. Sav. Plan v. Hewitt Assocs., L.L.C.*, 258 F.R.D. 149, 159 (S.D. Tex. 2009) ("Boilerplate objections are not acceptable; specific objections are required ...." (internal quotations omitted)); *A. Farber & P'rs, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections.").

[4] *Mills v. E. Gulf Coal Preparation Co., LLC*, 259 F.R.D. 118, 132 (S.D. W. Va. 2009) ("Failure to state objections specifically in conformity with the Rules will be regarded as a waiver of those objections."); *Sabol v. Brooks*, 469 F. Supp. 2d 324, 328 (D. Md. 2006) ("[F]ailure to make particularized objections to document requests constitutes a waiver of those objections."); *In re Folding Carton Antitrust Litig.*, 83 F.R.D. 260, 264 (N.D. Ill. 1979) ("General objections may result in waiver of the objections."). *See generally* Wise, *supra*, at 569 ("[B]ecause general objections are nonspecific and 'hide the ball' with respect to what information or material is being provided and what information or material is being withheld and why ... [they] have been universally condemned by courts for this very reason."); Mark Kosieradzki & Kara Rahimi, *Keep Discovery Civil: When Opposing Counsel Obstructs or Deflects Your Access to Evidence, Look to the Rules and Long-Settled Case Law for Relief. Both Are on Your Side*,

As to documents produced in response to discovery requests, the responding party shall produce them "as" they are kept in the usual course business or shall organize and label them to correspond with the categories in the request." SCRCP, Rule 34(b). If the form for producing the information is not specified or otherwise agreed upon, the responding party must produce the information in a form which it is ordinarily maintained that is reasonably usable. SCRCP, Rule 34(b)(1). When dealing with electronic discovery, it "must relate to the claims and defenses asserted in the pleadings and should serve as a means for facilitating a just and cost-effective resolution of disputes." Notes to 2011 Amendment, SCRCP, Rule 34.

**Duty to Consult Before Moving to Compel**

One submitting discovery requests may move for an order under Rule 37(a) with respect to any objection to or other failure to answer the interrogatory or request for production. SCRCP, Rule 33(a) and 34(b). If the discovery responses received are improper, consult with the other party and try to resolve the issues. Rule 11 requires that before filing a motion, one communicate with opposing counsel and attempt in good faith to resolve the matter contained in the motion, unless the movant's counsel certifies that consultation would serve no useful purpose or could not be timely held. SCRCP, Rule 11(a). After consulting, compromises may be reached so that only the actual controversies are presented to the court.

The rule requires that the movant's counsel affirm that consultation has taken place. Attaching correspondence showing the attempts to resolve the matter with the articulated reasons from both sides can help demonstrate the issues for the court.

**Burden — Motion to Compel**

After consulting as required, one needs to move to compel the other side to sufficiently respond to your requests. As part of the motion, provide the court with both the request and the responses at issue, and explain why the responses are deficient in the context of the case. Articulate specific reasons, not generalities as to why the discovery sought is proper. Generally, the initial burden is on the party moving to compel to inform the court (1) which discovery requests are the subject of the motion, (2) which responses are disputed, (3) why the party believes the responses are deficient, (4) why any objections are not justified, and (5) why the information sought through discovery is discoverable. After the moving party has met its burden, the party resisting discovery must show specifically how each interrogatory or request for production is not relevant or how each is overly broad, burdensome or oppressive. If claims of privilege or work product are made, the factors and facts supporting such claims should be supported with specifics, not generalities, in the form of a privilege log that will provide enough information for you and the court to evaluate the objection.

**Opinions and Contentions Proper**

The rules allow one to serve discovery designed to eliminate the need for depositions or other expensive ways of establishing opinions or contentions of the parties. An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law. SCRCP, Rule 33(d).

389, 395, 589 S.E.2d 204, 207-08 (Ct. App. App. 2003). The essential elements giving rise to the privilege were stated by Wigmore to be: "(1) Where legal advice of any kind is sought, (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived." *State v. Doster*, 276 S.C. 647, 651, 284 S.E.2d 218, 219-20 (1981).

The privilege must be tailored to protect only confidences disclosed within the relationship. And the court must determine the question of privilege without first requiring disclosure of the substance of the communication. *Id.* Not every communication within the attorney and client relationship is privileged. The privilege does not extend to communications in furtherance of criminal, tortious or fraudulent conduct. *Id.*

**Attorney Work Product and Limitations**

"The attorney work product doctrine protects discovery documents prepared in anticipation of litigation, unless a substantial need can be shown by *the requesting party." Stokes Craven—Holding Corp. v. Robinson*, 416 S.C.517, 537, 787 S.E.2d 485, 495 (2016). "Generally, in determining whether a document has been prepared 'in anticipation of litigation,' most courts look to whether or not the document was prepared because of the prospect of litigation." *Id.*

"The document must be prepared *because* of the prospect of litigation when the preparer faces an actual claim or a potential claim following an actual event or series of events that reasonably could result in litigation." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Murray Sheet Metal Co.*, 967 F.2d 980, 984 (4th Cir. 1992). Thus, materials prepared in the ordinary course of business or pursuant to regulatory requirements or for other non-litigation purposes are not documents prepared in anticipation of litigation within the meaning of Rule *26(b)(3). Id. See also, Tobaccoville USA, Inc. v. McMaster*, 387 S.C. 287, 294, 692 S.E.2d 526, 530 (2010). A party must show more than a statute governing the party's actions considers the possibility of future litigation or concerns litigation. *Id.*

**Motion for Protection**

If the discovery process threatens to become abusive or create a particularized harm to a litigant or third party, the trial judge may issue an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden by expense." *Hollman v. Woolfson*, 384 S.C. 571, 578, 683 S.E.2d, 495, 498(2009). "The person requesting protection from the court or Commission must initially show good cause by alleging a particularized harm which will result if the challenged discovery is had...Once the party seeking the protective order has met its burden of showing good cause by alleging a particularized harm, the party seeking the discovery must come forward and show that the information that is sought 'is both relevant and necessary to the case. When both parties meet their burden of proof, the court must weigh the opposing factors.'" *Hamm v. SCPSC*, 312 S.C. 238, 439 S.E.2d 852, 854 (1994); *see also, Hollman v. Woolfson*, 384 S.C. 571, 578, 683 S.E.2d 495, 498 (2009).

**Duty To Supplement**

IN THE STATE OF SOUTH CAROLINA )
COUNTY OF HORRY )

IN THE COURT OF COMMON PLEAS
FOR THE 15TH JUDICIAL CIRCUIT
CASE NO: 2023-CP-26-01808

Frances Suter,

Plaintiff,

v.

Walmart Inc. d/b/a Walmart Supercenter (#574), Walmart Stores East, LP; and Joseph Watts, Individually and as Employee/ Agent of Walmart Inc. d/b/a Walmart Supercenter (#574),

Defendants.

**PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT JOSEPH WATTS, AS EMPLOYEE/ AGENT OF WALMART INC. D/B/A WALMART SUPERCENTER (#574)**

**TO: DEFENDANT JOSEPH WATTS, INDIVIDUALLY AND AS EMPLOYEE/ AGENT OF WALMART INC. D/B/A WALMART SUPERCENTER (#574) AND ALL COUNSEL OF RECORD**

The Plaintiff above-captioned requests that Defendant Joseph Watts, Individually and as Employee/ Agent of Walmart Inc. d/b/a Walmart Supercenter (#574) (herein referred to as "Defendant"), within thirty (30) days after the service hereof (45 days if served with the Summons and Complaint), answer under oath, separately, and fully in writing, the following Interrogatories pursuant to Rule 26 and Rule 33 of the South Carolina Rules of Civil Procedure. These Interrogatories are deemed to be continuing, and if complete answers to any of them are presently unavailable, supplemental answers are required at the time the information becomes available and prior to and through the conclusion of trial.

Plaintiff respectfully requests that Defendant refrain from responding with non-specific boilerplate objections or otherwise improper objections or responses under the applicable Rules of Civil Procedure. For Defendant's convenience, attached is a reminder of discovery requirements as described by The Honorable Roger Young's August 29, 2019 *Preparation for Discovery Motions Order* enclosed herewith.

**DEFINITIONS AND INSTRUCTIONS**

this incident, and indicate whether or not written or recorded statements have been taken from the witnesses, and indicate who has possession of such statements.

2. Set forth a list of photographs, plats, sketches, or other prepared documents in possession of the Defendant, or counsel, that relates to the claim or defense in this case.
3. Set forth the names and addresses of ***all*** insurance companies which ***potentially*** have liability insurance coverage or property damage coverage relating to the claim and set forth the number or numbers of the policies involved and the amount or amounts of liability coverage provided in each policy. This includes policies providing secondary and umbrella coverages.
4. If Defendant is claiming any damages, set forth an itemized statement of all damages, exclusive of pain and suffering, claimed to have been sustained by the party.
5. List the names and addresses of any expert witness whom the party proposes to use as a witness at the trial of the case.
6. For each person known to the parties or counsel to be a witness concerning the facts of the case, set forth either a summary sufficient to inform the other party of the important facts known to or observed by such witness, or provide a copy of any written or recorded statements taken from such witness.
7. If the Defendant is improperly identified, give the proper identification and state whether counsel will accept service of an amended Summons and Pleading reflecting the correct information.

## SUPPLEMENTAL INTERROGATORIES

1. As to each expert witness listed in response to Standard Interrogatory 5 above, please state:

a. The date and place each such action was filed, giving the name of the other party or parties involved, the case/index number of such actions, and the names of the attorneys representing all parties;
b. A description of the nature of each action; and
c. The result of each such action.

6. Has the Defendant or anyone on the Defendant's behalf or at the Defendant's request obtained any statement in any form from any potential witness or party in the case (including from Plaintiff) that concerns the events described in the Complaint? If so, please identify who took those statements, from whom those statements were taken, and who has possession of those statements.

7. Does Defendant or anyone on Defendant's behalf claim to have spoken to Plaintiff about any subject that concerns the events described in the Complaint, even if that conversation was not memorialized in a writing or recording? If so, please summarize the alleged conversation, identify who participated in the conversation, and identify any witnesses to the conversation.

8. Is Defendant or Defendant's counsel aware of any third party who claims to have spoken to Plaintiff about any subject that concerns the events described in the Complaint, even if that conversation was not memorialized in a writing or recording? If so, please summarize the alleged conversation, identify who participated in the conversation, and identify any witnesses to the conversation.

9. Is Defendant or Defendant's counsel in possession of any videos or audio recordings that in any way relate to the events described in the Complaint (regardless of whether or not Defendant plans to introduce the same into evidence at trial)? If so, please describe the contents of the videos/recordings, state when the same were captured, and identify who has possession of those videos/recordings.

the employer's name and address, the dates of employment, and the reason for termination.

15. Has the area which is the subject of this action ever been repaired and/or replaced and/or altered in any manner since creation/construction? If so, please provide the names and addresses of any contractors, sub-contractors, employees, or anyone else who worked on such area, the dates of the work, the reasons for the work, and the nature of the work.

16. Please identify all video cameras on Defendant's premises at the time of the incident which is the subject of this action and state within how many feet of the incident they captured film. If no cameras, so state.

17. Describe with particularity exactly what you allege occurred in the ten minutes prior to the incident which is the subject of the above action, what you allege occurred during the incident, and what you allege occurred in the ten minutes after the incident, including anything said by or to you or one of your agents or employees.

18. State what you, or any of your agents or employees saw happen with respect to the incident and what you or any one of your agents or employees did to assist Plaintiff after the incident.

19. Other than this incident, has any person reported slipping and/or tripping and/or falling and/or being injured in the area where this incident occurred during the five-year period prior to the date of this incident, up to present day? If so, as to each such reported slip and/or trip and/or fall and/or injury, please provide the date of each such incident; a brief description of each such incident, including the type of surface on which the person involved in each such incident slipped and/or tripped and/or fell; a brief description of the injuries suffered by any person involved in each such incident; and state whether any of

sustained by Plaintiff were caused or contributed to by any negligent act or omission on the part of any person or entity not named as a defendant in this action please state the name, address, and telephone number of each person/entity; the nature of each negligent act or omission and the manner in which it was allegedly committed or omitted; and the name and address of each person who has personal knowledge of any information concerning each negligent act or omission on the part of such person.

24. List every "Social Networking Platform/Profile", website, blog, or other communication medium maintained or controlled by Defendant for the past ten (10) years, including Defendant's username/handle on the same.

25. State Defendant's net worth.

Dated: March 15, 2024

Respectfully Submitted,

**POULIN | WILLEY | ANASTAPOULO**

*s/Endri Mince*
Endri Mince
S.C. Bar No.: 104003
32 Ann Street
Charleston, SC 29403
T: (803) 222-2222
F: (843) 494-5536
E: teammince@poulinwilley.com
**ATTORNEY FOR THE PLAINTIFF**

Charleston, South Carolina

(3d Cir. 1982). Parties shall not make nonspecific, boilerplate objections. **Objections that state that the discovery request is "vague, overly broad, or unduly burdensome" are, standing alone, meaningless and will be found meritless by the court.** A party objecting must explain the specific and particular way in which a given request is vague, overly broad, or unduly burdensome.[3] *Curtis v. Time Warner Entm't-Advance/Newhouse P'ship*, 2013 WL 2099496, at *2 (D.S.C. May 14, *2013*). Parties should not recite a formulaic objection followed by an answer to the request. It has become common practice for a party to object on the basis of any of the above reasons and then state that, "notwithstanding the above," the party will respond to the discovery request, subject to or without waiving such objection. Such an objection and answer preserve nothing and serves only to waste the time and resources of both the parties and the court. Such practice leaves the requesting party uncertain as to whether the question has actually been actually been fully answered or whether only a portion of the question has been answered. *Id.* citing 2004 A.B.A. Civil Discovery Standards, 2004 A.B.A. Sec. Lit. 18. One objecting to discovery must show specifically how, despite the broad and liberal construction afforded the discovery rules, each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive, by submitting affidavits or offering evidence revealing the nature of the burden. *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 296 (E.D. Pa. 1980). It is not proper to object merely because answering interrogatories may require expending considerable time, effort or expense or may interfere with business operations. *Id.* at 97.

"General objections" that purportedly apply to all discovery responses are improper. These general objections do not comply with the letter or spirit of the rules as they do not provide the specificity required to each request.[4]

---

[3] [3] *Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999); *see also Steed v. EverHome Mortg. Co.*, 308 Fed. Appx. 364, 371 (11th Cir. 2009) ("[B]oilerplate objections may border on a frivolous response to discovery requests."); *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) ("[T]o say an interrogatory was overly broad, burdensome, oppressive and irrelevant [is] not adequate to voice a successful objection to an interrogatory." (internal quotations omitted)); *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982) ("[T]he mere statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection to an interrogatory."); *Adelman v. Boy Scouts of Am.*, 276 F.R.D. 681, 688 (S.D. Fla. 2011) ("[B]oilerplate objections [are] legally inadequate or meaningless."); *Nissan N. Am., Inc. v. Johnson Elec. N. Am., Inc.*, 2011 WL 669352, at *2 (E.D. Mich. Feb. 17, 2011)("Boilerplate or generalized objections are tantamount to no objection at all ...."); *Hager v. Graham*, 267 F.R.D. 486, 498 (N.D. W. Va. 2010) ("The objection is only a general statement that does not specify how the [request for production] is vague, ambiguous, and overly broad. Therefore, the objection is improper."); *Enron Corp. Sav. Plan v. Hewitt Assocs., L.L.C.*, 258 F.R.D. 149, 159 (S.D. Tex. 2009) ("Boilerplate objections are not acceptable; specific objections are required ...." (internal quotations omitted)); *A. Farber & P'rs, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections.").

[4] *Mills v. E. Gulf Coal Preparation Co., LLC*, 259 F.R.D. 118, 132 (S.D. W. Va. 2009) ("Failure to state objections specifically in conformity with the Rules will be regarded as a waiver of those objections."); *Sabol v. Brooks*, 469 F. Supp. 2d 324, 328 (D. Md. 2006) ("[F]ailure to make particularized objections to document requests constitutes a waiver of those objections."); *In re Folding Carton Antitrust Litig.*, 83 F.R.D. 260, 264 (N.D. Ill. 1979) ("General objections may result in waiver of the objections."). *See generally* Wise, *supra*, at 569 ("[B]ecause general objections are nonspecific and 'hide the ball' with respect to what information or material is being provided and what information or material is being withheld and why ... [they] have been universally condemned by courts for this very reason."); Mark Kosieradzki & Kara Rahimi, *Keep Discovery Civil: When Opposing Counsel Obstructs or Deflects Your Access to Evidence, Look to the Rules and Long-Settled Case Law for Relief. Both Are on Your Side*,

As to documents produced in response to discovery requests, the responding party shall produce them "as" they are kept in the usual course business or shall organize and label them to correspond with the categories in the request." SCRCP, Rule 34(b). If the form for producing the information is not specified or otherwise agreed upon, the responding party must produce the information in a form which it is ordinarily maintained that is reasonably usable. SCRCP, Rule 34(b)(1). When dealing with electronic discovery, it "must relate to the claims and defenses asserted in the pleadings and should serve as a means for facilitating a just and cost-effective resolution of disputes." Notes to 2011 Amendment, SCRCP, Rule 34.

**Duty to Consult Before Moving to Compel**

One submitting discovery requests may move for an order under Rule 37(a) with respect to any objection to or other failure to answer the interrogatory or request for production. SCRCP, Rule 33(a) and 34(b). If the discovery responses received are improper, consult with the other party and try to resolve the issues. Rule 11 requires that before filing a motion, one communicate with opposing counsel and attempt in good faith to resolve the matter contained in the motion, unless the movant's counsel certifies that consultation would serve no useful purpose or could not be timely held. SCRCP, Rule 11(a). After consulting, compromises may be reached so that only the actual controversies are presented to the court.

The rule requires that the movant's counsel affirm that consultation has taken place. Attaching correspondence showing the attempts to resolve the matter with the articulated reasons from both sides can help demonstrate the issues for the court.

**Burden — Motion to Compel**

After consulting as required, one needs to move to compel the other side to sufficiently respond to your requests. As part of the motion, provide the court with both the request and the responses at issue, and explain why the responses are deficient in the context of the case. Articulate specific reasons, not generalities as to why the discovery sought is proper. Generally, the initial burden is on the party moving to compel to inform the court (1) which discovery requests are the subject of the motion, (2) which responses are disputed, (3) why the party believes the responses are deficient, (4) why any objections are not justified, and (5) why the information sought through discovery is discoverable. After the moving party has met its burden, the party resisting discovery must show specifically how each interrogatory or request for production is not relevant or how each is overly broad, burdensome or oppressive. If claims of privilege or work product are made, the factors and facts supporting such claims should be supported with specifics, not generalities, in the form of a privilege log that will provide enough information for you and the court to evaluate the objection.

**Opinions and Contentions Proper**

The rules allow one to serve discovery designed to eliminate the need for depositions or other expensive ways of establishing opinions or contentions of the parties. An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law. SCRCP, Rule 33(d).

389, 395, 589 S.E.2d 204, 207-08 (Ct. App. App. 2003). The essential elements giving rise to the privilege were stated by Wigmore to be: "(1) Where legal advice of any kind is sought, (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived." *State v. Doster*, 276 S.C. 647, 651, 284 S.E.2d 218, 219-20 (1981).

The privilege must be tailored to protect only confidences disclosed within the relationship. And the court must determine the question of privilege without first requiring disclosure of the substance of the communication. *Id.* Not every communication within the attorney and client relationship is privileged. The privilege does not extend to communications in furtherance of criminal, tortious or fraudulent conduct. *Id.*

**Attorney Work Product and Limitations**

"The attorney work product doctrine protects discovery documents prepared in anticipation of litigation, unless a substantial need can be shown by *the requesting party." Stokes Craven—Holding Corp. v. Robinson*, 416 S.C.517, 537, 787 S.E.2d 485, 495 (2016). "Generally, in determining whether a document has been prepared 'in anticipation of litigation,' most courts look to whether or not the document was prepared because of the prospect of litigation." *Id.*

"The document must be prepared *because* of the prospect of litigation when the preparer faces an actual claim or a potential claim following an actual event or series of events that reasonably could result in litigation." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Murray Sheet Metal Co.*, 967 F.2d 980, 984 (4th Cir. 1992). Thus, materials prepared in the ordinary course of business or pursuant to regulatory requirements or for other non-litigation purposes are not documents prepared in anticipation of litigation within the meaning of Rule *26(b)(3). Id. See also, Tobaccoville USA, Inc. v. McMaster*, 387 S.C. 287, 294, 692 S.E.2d 526, 530 (2010). A party must show more than a statute governing the party's actions considers the possibility of future litigation or concerns litigation. *Id.*

**Motion for Protection**

If the discovery process threatens to become abusive or create a particularized harm to a litigant or third party, the trial judge may issue an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden by expense." *Hollman v. Woolfson*, 384 S.C. 571, 578, 683 S.E.2d, 495, 498(2009). "The person requesting protection from the court or Commission must initially show good cause by alleging a particularized harm which will result if the challenged discovery is had...Once the party seeking the protective order has met its burden of showing good cause by alleging a particularized harm, the party seeking the discovery must come forward and show that the information that is sought 'is both relevant and necessary to the case. When both parties meet their burden of proof, the court must weigh the opposing factors.'" *Hamm v. SCPSC*, 312 S.C. 238, 439 S.E.2d 852, 854 (1994); *see also, Hollman v. Woolfson*, 384 S.C. 571, 578, 683 S.E.2d 495, 498 (2009).

**Duty To Supplement**

| | |
|---|---|
| IN THE STATE OF SOUTH CAROLINA )<br>COUNTY OF HORRY ) | IN THE COURT OF COMMON PLEAS<br>FOR THE 15TH JUDICIAL CIRCUIT<br>CASE NO: 2023-CP-26-01808 |
| Frances Suter,<br><br>Plaintiff,<br>v.<br><br>Walmart Inc. d/b/a Walmart Supercenter (#574), Walmart Stores East, LP; and Joseph Watts, Individually and as Employee/ Agent of Walmart Inc. d/b/a Walmart Supercenter (#574),<br><br>Defendants. | **PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO DEFENDANT JOSEPH WATTS, AS EMPLOYEE/ AGENT OF WALMART INC. D/B/A WALMART SUPERCENTER (#574)** |

**TO: DEFENDANT JOSEPH WATTS, INDIVIDUALLY AND AS EMPLOYEE/ AGENT OF WALMART INC. D/B/A WALMART SUPERCENTER (#574) AND ALL COUNSEL OF RECORD**

The Plaintiff above-captioned requests that Defendant Joseph Watts, Individually and as Employee/ Agent of Walmart Inc. d/b/a Walmart Supercenter (#574) (herein referred to as "Defendant") admit or deny the following statements of fact or law within thirty (30) days after the service hereof (45 days if served with the Summons and Complaint). Rule 36(a) of the *South Carolina Rules of Civil Procedure* allows parties to an action to require the admission or denial of "statements or opinions of fact or of the application of law to fact." If objection is made, please state the reason for the objection. Please specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter.

1. Admit that you were properly served with the Summons and Complaint in this action in accordance with Rule 4 of the South Carolina Rules of Civil Procedure.
2. Admit that you have no basis to assert lack of personal jurisdiction as a defense or affirmative defense to the subject of the action.
3. Admit that you have no evidence to support a defense or affirmative defense that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

Dated: March 15, 2024

Respectfully Submitted,

**POULIN | WILLEY | ANASTAPOULO**

*s/Endri Mince*

Endri Mince
S.C. Bar No.: 104003
32 Ann Street
Charleston, SC 29403
T: (803) 222-2222
F: (843) 494-5536
E: teammince@poulinwilley.com
**ATTORNEY FOR THE PLAINTIFF**

Charleston, South Carolina